## HAMPTON v McMILLAN, etc.

### Case No. 87-49-AP

Fourth Judicial Circuit, Duval County

April 28, 1989

**APPEARANCES OF COUNSEL**

**William T. Basford,** and **Clyde M. Collins, Jr.,** for appellant.

**Bruce Page,** Assistant Counsel, Office of General Counsel, City of Jacksonville, for appellees.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

Frank Hampton, Jr. appeals from an order of dismissal rendered by the Civil Service Board of Jacksonville on September 22, 1987. That order upheld a notice of termination of the services of Officer Hampton by James E. McMillan, Sheriff, dated July 2, 1987.

Officer Hampton had two charges placed against him arising from the shooting of a sixteen year old male. The juvenile had refused to stop his vehicle when Officer Chase attempted to get him to pull over, a high speed auto chase followed, and the juvenile was finally stopped at the corner of Main and Beaver Streets in downtown Jacksonville. Officer Hampton joined the chase just prior to the stop at Beaver and Main. The shot was fired at that location by Officer Hampton.

Charge I accused Officer Hampton of violating General Order 75-1(85)(c)(3) which prohibits the use of deadly force against misdemeanants and traffic violators except when the situation escalates to the point that the officer must defend himself or another person from death or great bodily harm.

Charge II accused Officer Hampton of violating General Order 68-3F, section 5.37(a)(5) and (9) which precludes willful department from the truth, either in giving testimony or in connection with any official duties; and performing any acts or making any written statements which tend to bring the office of the Sheriff into disrepute or ridicule or which tends to interfere with the reasonable supervision or proper discipline of the office.

The Sheriff's Disciplinary Hearing Board found Officer Hampton not guilty of Charge I, guilty of Charge II, and recommended a 30 day suspension without pay.

The Sheriff rejected the Board's findings in Charge I and the recommended penalty and terminated Mr. Hampton from the police force based upon current charges and his past record.

The Civil Service Board after a full hearing upheld the Sheriff's termination.

The appellant alleged the Civil Service Board erred by (1) not having any competent, substantial evidence to uphold the charges and (2) not making specific findings of fact as required by law in its final order.

A careful review of the entire transcript of the proceedings before the Civil Service Board discloses an abundance of competent, substantial evidence to uphold the Board's decision. The Board had the opportunity to determine the believability of the witnesses by observing and considering their demeanor, their frankness, their intelligence, any interest they might have in the outcome of the case, the ability of the witnesses to remember the facts, and the reasonableness of the testimony of each witness considered in the light of all of the evidence in this case. A mere conflict in some testimony does not prevent the trier of facts from determining which is the more believable evidence. The appellate court must not substitute its judgment for that of the trier of facts unless there is an absence of competent, substantial evidence to support the decision of the fact finder. Competent evidence is present in this case to support the Board's conclusion that officer Frank A. Hampton was guilty of both charges.

The Board in its final order found that the specifications in the "Charge Letters" were proven by a preponderance of the evidence.

Those specifications were clearly set forth in great detail and it would have been superfluous to recite those details again in the former order. This is not the same as a "Guilty as Charged" verdict. Here the Board specifically found as a fact that the specifications and particulars set forth had been proven by a preponderance of the evidence.

The Final Order of the Civil Service Board is approved and affirmed.